IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean P. Custer; Kathryn A. Custer, | No. CV-10-02751-PHX-ROS |
| Plaintiffs, | **ORDER** |
| vs. | |
| Knight Refrigerated LLC; et. al., | |
| Defendants. | |

On December 21, 2010, Defendants removed this action to federal court based on federal question "arising under" jurisdiction. (Doc. 1). The only claim supporting jurisdiction was Count Nine, which was a claim for unpaid overtime governed by the Fair Labor Standards Act ("FLSA"). Plaintiffs moved to remand (Doc. 6) and to amend the Complaint to delete Count Nine. (Doc. 7). Further, Plaintiffs proposed to dismiss Count Nine with prejudice. (Doc. 11).[1] On January 20, 2011, Plaintiffs' motion to amend (Doc. 7) was granted, and Count Nine for unpaid overtime wages was dismissed with prejudice. (Doc. 14). Also on January 20, 2011, Plaintiffs filed their amended complaint. (Doc. 15).

Upon dismissal of the only federal claim supporting federal jurisdiction, a court may remand the case to state court. *Baddie v. Berkeley Farms Inc.*, 64 F.3d 487, 491 (9th Cir.

---

[1] Defendants continue to argue against remand, but asserted dismissal with prejudice was the only acceptable scenario for remand. (Doc. 9).

1995).  Plaintiffs' choice to forego their federal claims in favor of a state forum is supported by case law.[2]  At this early stage in the litigation, the Court exercises its discretion to remand to state court due to the dismissal with prejudice of the sole federal claim supporting federal jurisdiction.  *Baddie*, 64 F.2d at 409.

Accordingly,

**IT IS ORDERED** Plaintiffs' motion for remand **(Doc. 6)** is **GRANTED**.

DATED this 21st day of January, 2011.

_____
Roslyn O. Silver
Chief United States District Judge

---

[2]  "If the defendant . . . removes the action, the plaintiff must then choose between federal claims and a state forum."  *Baddie*, 64 F.2d at 491; *Schuster v. Gardner*, 319 F. Supp. 2d 1159, 1165 (S.D. Cal. 2003) ("Here, the plaintiff filed an amended complaint that clarified his intent to bring only state claims and by doing so waived his ability to pursue a federal claim.") (emphasis added); *Stuart v. City of Dillon*, No. CV-08-12-BU-RFC, 2008 WL 3887656, at *4 (D. Mont. Aug. 21, 2008) (noting that under *Baddie* a "plaintiff may amend claims in an action removed to federal court by dismissing federal claims, thereby waiving his ability to pursue the federal claims") (citing *Schuster*);  *Head v. Medford*, 62 F.3d 351, 356 (11th Cir. 1995); *see also* (Doc. 9, at 6-7) (citing case law regarding Court's discretion).